IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNE SABETTA, et al.,

      Plaintiffs,　　　　　　　　No. CIV S-11-554 JAM GGH PS

      vs.

NATIONAL RAILROAD PASSENGER CORPORATION, et al.,

      Defendants.　　　　　　　　<u>ORDER</u>

_____/

      Plaintiffs are proceeding in this action pro se. Plaintiffs have requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

      Plaintiffs have submitted the affidavits required by § 1915(a) showing that plaintiffs are unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.

6  In order to avoid dismissal for failure to state a claim a complaint must contain
7  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
8  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
9  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
11 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
12 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
13 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
14 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
15 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
16 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
17 Rhodes, 416 U.S. 232, 236 (1974).

18 The court finds the allegations in plaintiffs' complaint so vague and conclusory
19 that it is unable to determine whether the current action is frivolous or fails to state a claim for
20 relief.  The court has determined that the complaint does not contain a short and plain statement
21 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
22 policy, a complaint must give fair notice and state the elements of the claim plainly and
23 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

24 Plaintiff has not done so.  While the gist of her complaint is apparent, i.e., she was
25 removed from an Amtrak vehicle and arrested by the Marysville PD – all allegedly unwarranted,
26 the factual basis for suit of Sabetta's co-plaintiff is entirely lacking.  Lacking also is a basis for

suit against the remainder of the named defendants. Because plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Nevertheless, plaintiffs must also realize that their entire complaint may be barred by the applicable statute of limitations. The incident giving rise to plaintiffs' complaint occurred on September 16, 2006. It appears plaintiffs' claims are barred by the statute of limitations. The statute of limitations of the state in which the claim arises governs civil rights actions under 42 U.S.C. § 1983. See Donoghue v. County of Orange, 848 F.2d 926, 929 (9th Cir. 1987). Section 1983 actions are characterized as personal injury actions for purposes of identifying the applicable statute of limitations. See Wilson v. Garcia. 471 U.S. 261, 268-71, 276 (1985); Bianchi v. Bellingham Police Dep't, 909 F.2d 1316, 1317 (9th Cir. 1990). In California, the applicable statute of limitations is two years. Cal. Code Civ. Proc. § 335.1; see Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Unless plaintiffs are prepared to mount an equitable tolling defense to the inevitable statute of limitations defense, plaintiffs should not go further with this action.

If plaintiffs choose to amend the complaint, plaintiffs must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiffs must demonstrate how the conduct complained of has resulted in a deprivation of plaintiffs' federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make plaintiffs' amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' request to proceed in forma pauperis is granted;

2. Plaintiffs' complaint is dismissed; and

3. Plaintiffs are granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned

1. this case and must be labeled "Amended Complaint"; plaintiffs must file an original and two
2. copies of the amended complaint; failure to file an amended complaint in accordance with this
3. order will result in a recommendation that this action be dismissed.
4. DATED: June 6, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

JMM
sabetta.ifp-lta