IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNE SABETTA, et al.,

        Plaintiffs,                      No. CIV S-11-0554 JAM CKD PS

    vs.

NATIONAL RAILROAD PASSENGER
CORPORATION, et al.,

        Defendants.              ORDER

_____/

        Plaintiffs are proceeding in this action pro se. Plaintiffs have filed an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1  490 U.S. at 327.

2  In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiffs choose to amend the complaint, plaintiffs must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiffs must demonstrate how the conduct complained of has resulted

in a deprivation of plaintiffs' federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In this action, plaintiffs contend their civil rights were violated in connection with an incident which occurred on an Amtrak train on September 16, 2006.  Plaintiffs were previously advised of the standards for stating a claim under 42 U.S.C. § 1983.  The amended complaint does not cure the pleading deficiencies evident in the original complaint.  Plaintiffs fail to demonstrate how the conduct of each defendant resulted in a deprivation of plaintiffs' federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiffs name as defendants various public entities but fail to allege a custom or policy sufficient to give rise to municipal liability.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) (liability of municipality under section 1983 must rest on official policy giving rise to the alleged constitutional deprivation).

Moreover, plaintiffs were previously advised that it appeared plaintiffs' claims were barred by the statute of limitations.  The statute of limitations of the state in which the claim arises governs civil rights actions under 42 U.S. C. § 1983.  See Donoghue v. County of Orange, 848 F.2d 926, 929 (9th Cir. 1987).  Section 1983 actions are characterized as personal injury actions for purposes of identifying the applicable statute of limitations.  See Wilson v. Garcia. 471 U.S. 261, 268-71, 276 (1985); Bianchi v. Bellingham Police Dep't, 909 F.2d 1316, 1317 (9th Cir. 1990).  In California, the applicable statute of limitations is two years.  Cal. Code Civ. Proc. Code § 335.1; see Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).

In the amended complaint, plaintiffs allege they previously filed an action alleging the same allegations as pled here.  The previous action, Sabetta, et al. v. National Railroad Passenger Corp., CIV S-08-2181 JAM KJN PS was filed September 16, 2008 and dismissed by order of the court with judgment entered on January 28, 2011.  The pending action was not filed until February 28, 2011.

As a model for drafting a second amended complaint, plaintiffs are directed to McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  There, the Ninth Circuit Court of

Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." It observed that the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

Phrased another way, "Vigorous writing is concise." William Strunk, Jr. & E.B. White, The Elements of Style, § III, ¶ 13. Accordingly, any amended complaint should **not exceed twenty pages**.

In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' amended complaint is dismissed; and

2. Plaintiffs are granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiffs must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 17, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
sabetta2.lta